### Ex parte LOUIS TOY BING.

(District Court, W. D. Washington, N. D.   January 26, 1924.)

No. 8086.

1. **Aliens** &ominus;32(13)—**Habeas corpus by excluded alien not proceeding for review.**
   In habeas corpus by one claiming citizenship, excluded as an alien, the court does not sit as a court of review, but its function is to determine whether petitioner had a fair trial, and whether there is any evidence to support the findings of the department.

2. **Words and phrases—"Released foot" and "natural foot" defined.**
   As applied to Chinese women, the "released foot" is one which has been bound and afterwards released, while the "natural foot" is one which has never been bound.

Habeas Corpus. Petition of Louis Toy Bing for writ of habeas corpus. Denied.

Paul W. Houser, of Seattle, Wash., for petitioner.

Thomas P. Revelle, U. S. Atty., and John A. Frater, Asst. U. S. Atty., both of Seattle, Wash., for the United States.

NETERER, District Judge. Petitioner seeks admission to the United States alleging citizenship, the son of Louie Gar Hen, admittedly a citizen; being denied, he appealed, and the case was reopened for the purpose of taking additional testimony. At the conclusion of the hearing the board of special inquiry adhered to the original excluding decision. The appeal was dismissed, on the ground that the new witnesses, claiming to be cousins, had no knowledge as to the paternity of the applicant and disclosed no basis for the opinion or conclusions which they gave. One witness, 13 years old, stated that he met the applicant for the first time about a year before, in China. The other witnesses testified in a similar fashion, excepting Wong Sluie Young,

who claimed to have known the alleged mother, but that the only time he was in applicant's village was about a year prior to the date of the hearing. He was unable to recognize photos of the alleged father contained in the files. He claimed to have met the applicant a year prior to the hearing; never knew the applicant's alleged father, but had met the mother. Upon dismissal, on request of the applicant action was stayed and "Seattle instructed to return the exhibits. The exhibits have been received back, and have had the inspection and review of local counsel." After further consideration by the board of review, the decision was adhered to.

Petitioner claims he was not given a fair trial. He also claims that, in the transmission of the exhibits from the board of special inquiry at Seattle to the department at Washington, some of the exhibits in the record, namely "Portland 503," "Portland 948," "Seattle 16788," "Seattle 2945," and "Reports 5011/198" had not been transmitted to the department at any time, and that at none of the hearings did the department at Washington have before it all of the exhibits, and that other exhibits had not been considered on appeal at other times. On the last examination exhibits "Portland 503," "3063 Louie Gai," "3108 Portland landing record Louie Gar Han," "Portland 948," "Seattle 16788," "Portland 2509," Louis Keep, "Sumas 1162 Louie Gar Han," "Seattle 2945," "Seattle 842," and "Reports 5011/198" were not before the department.

[1] The only function of the court is to determine whether the defendant has had a fair trial, and whether there is any evidence to support the findings of the department. The court does not sit as a court of review, and it is not for the court to say whether it would come to the same conclusion upon the testimony in the record, if it was to determine the issue upon the facts presented. The entire record has been carefully examined. The omission of the exhibits indicated could not work a prejudice to the petitioner. They were immaterial. If they were capable of any function, it would be rather to the prejudice of the petitioner.

The record presents some peculiar angles, among them the departure of the alleged father at Sumas in 1909, together with the apparent discrepancies in some of the testimony, many of which, if standing alone, could be readily removed, as, for instance, the testimony of the applicant that his mother had "released feet," and the alleged brother, who was admitted as a citizen, testifying that the mother had "natural feet." They both claimed to have the same father and mother, and the feet should be the same to both.

[2] The applicant also testified that his wife had "natural feet," so he apparently distinguished between "feet"; but I think the testimony disclosed that the terms "natural foot" and "released foot" may have been used as synonymous terms. The released foot is one which had been bound and afterwards released, while the natural foot is one which had never been bound. The court cannot say that petitioner did not have a fair trial, and that is the limit of the court's jurisdiction. Kwock Jan Fat v. White, 253 U. S. 454, 40 Sup. Ct. 566, 64 L. Ed. 1010, has no application to the record in this case.

Writ is denied.